## NEW YORK COMMON PLEAS.

### LEMUEL ARNOLD agt. ROBERT JOHNSTON.

A *verbal assignment* of a demand arising on contract, to the defendant against the plaintiff, before suit brought, in these words, " I assign this claim over to you if there is any difficulty," is not good as a *set-off* or *counter-claim*.

*Special Term, January,* 1865.

THE plaintiff sued the defendant for damages for breach of covenant in this, that the defendant had conveyed to him premises in Fifty-eighth street, in this city, with full covenants of warranty, seizin, and against incumbrances, yet that on the premises there were divers assessments which he was compelled to pay, and now sued to recover.

The defendant set up various counter-claims, amongst which was an alleged counter-claim for commissions said to have been earned by him in copartnership with one William H. Johnston, in selling for the plaintiff divers lots on Murray Hill, in this city. The defendant claimed that his partner had verbally assigned his interest in the claim over to him before the right of action had accrued to the plaintiff. The alleged assignment was by this language: " I assign this claim over to you if there is any difficulty." No consideration for the assignment was proven.

MR. LAWTON, *for the defendant,*

claimed the facts constituting his counter-claim were proven.

MR. McMAHON, *for the plaintiff,*

insisted that to constitute a valid set-off it must be shown

to be a valid demand existing between the defendant and the plaintiff; that it existed in favor of the defendant and William H. Johnston against the plaintiff, did not authorize the application of the rules of set-off. He claimed that the assignment was invalid, as made without consideration, orally, and without any real intention to pass the right to the claim.

BRADY, J. In this case the plaintiff is entitled to recover the sum of $76.87, with interest from 28th January, 1860. The assignment alleged to have been made by W. H. Johnston to the defendant of a demand against the plaintiff, was not such as the law requires, assuming for the purposes of this question, and only for that purpose that the demand existed in fact. The defendant states that W. H. Johnston said to him: "I assign this claim to you if there comes any difficulty," although the absence of any consideration might not affect the validity of the assignment, were it otherwise full in its substance, yet the conditional character of it shows that unless there was some difficulty between the defendant and the plaintiff in reference to the subject matter of this action the assignment was not to operate. I have not been able to find any case in which such an assignment has been sustained as a good set-off or counter-claim.

It may be looked upon as a transfer, to be of no effect until the instant of time when this action was commenced, because at that moment the difficulty must be regarded as beginning in relation to the claim herein prosecuted. Were the condition one which imposed some duty or obligation upon the defendant, or subjected him to any personal or pecuniary disadvantage, however slight, it might have the effect designed. The assignment here, however, presents no such characteristics. It is a conditional assignment without consideration, and intended to further litigation.

Judgment for plaintiff overruling the counter-claim.